```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

WILFREDO GUERRERO-MARTINEZ, a/k/a   :
"Alfredo,"
                                    :
            Petitioner,                      08 Cr. 1034 (LMM)
                                    :
          - v -                              MEMORANDUM AND ORDER
                                    :
UNITED STATES OF AMERICA,
                                    :
            Respondent.
                                    :
-----------------------------------x
```

McKENNA, D.J.

**1.**

The above defendant pleaded guilty on December 22, 2010, pursuant to a written plea agreement, to Count One of the one-count indictment, charging him with conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and was sentenced, on June 1, 2011, to 120 months of imprisonment and five years of supervised release.  The Court of Appeals, in a summary order dated May 8, 2012, granted an Anders motion, dismissed defendant's appeal of his sentence of imprisonment and supervised release and affirmed the conviction and imposition of a $100 special assessment.  (See Mandate issued June 12, 2012.)  He has filed two motions.

The 120 months of imprisonment represented the statutory mandatory minimum. (See Transcript, June 1, 2011, at 32.)[1]

Defendant argues, in the first motion, that "[t]he Government acted in bad faith in refusing to enter into a cooperation agreement [and] refusing to submit a motion under [U.S.S.G. §] 5K1.1." Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(1); 60(b)(3); and 60(b)(6), January 12, 2012 (Docket No. 69, at 2.)

In the second motion, he argues that he should receive credit for time served in pretrial custody, as his co-defendants are said to have received. Memorandum of Points and Authorities in Support of Motion to Correct Pre-Sentence Jail Credits. (Docket No. 71, at 2-3.)

Both of defendant's arguments are barred by the terms of his written plea agreement, as argued by the Government (Memorandum of Law in Opposition to Petition to Vacate, Set Aside or Correct a Sentence, August 29, 2012, at 12, 16-17.)

If the motions were not so barred, they would still have to be denied. The defendant has not articulated any reason why the government would have been required to exercise its discretion to give defendant a cooperation agreement, or file a 5K1.1 motion, and

---

[1] The plea agreement stipulated an applicable U.S.S.G. range of 188-235 months.

it is the authority (at least in the first instance) of the Bureau of Prisons (not of the Court) to calculate time served.

\*          \*          \*

Motions denied.

Dated: September 20, 2012

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.